# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAWNYELL T. FLYNN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80317

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder and first-degree murder with use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant first argues that the failure to sever warrants reversal where the district court admitted evidence of her codefendant's post-crime Internet search history of appellant and the murder, but she could not cross-examine him regarding that evidence because he did not testify. Reviewing for an abuse of discretion, *see Chartier v. State*, 124 Nev. 760, 763-64, 191 P.3d 1182, 1184-85 (2008), we disagree. Severance is appropriate "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 765, 191 P.3d at 1185 (quoting *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002) (further internal quotation marks omitted)). Here, the Internet searches occurred after the codefendant became aware the police publicly

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-04401

identified himself and appellant as suspects, so the searches did not implicate appellant or the codefendant, and the codefendant did not use the evidence to present an antagonistic defense.[2] *See id.* (recognizing that codefendants' antagonistic defenses may warrant severance if they are "conflicting and irreconcilable defenses and there is danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty" (quoting *Marshall*, 118 Nev. at 646, 56 P.3d at 378 (further internal quotation marks omitted))). To the extent appellant asserts that severance was required to avoid a Confrontation Clause violation, her confrontation rights were not implicated because, as stated above, the searches did not incriminate her. *See Bruton v. United States*, 391 U.S. 123, 126 (1968) (discussing Confrontation Clause violations where a codefendant's out-of-court statement names the other codefendant as the crime's perpetrator).

Appellant also argues that the district court erred in admitting evidence that she and the codefendant sold drugs. But we agree with the district court that such evidence was admissible under NRS 48.035(3), which provides that evidence of an uncharged crime is admissible when "an ordinary witness cannot describe . . . the crime charged without referring to the other . . . crime." Multiple witnesses could not fully give their account of the night of the murder without describing that they bought drugs from appellant and her codefendant and/or helped appellant and her codefendant sell drugs to the victim that night—the impetus for the crimes. *See Weber v. State*, 121 Nev. 554, 574, 119 P.3d 107, 121 (2005) (explaining that evidence is only admissible under NRS 48.035(3) if "an actual witness . . . cannot describe the crime charged without referring to another

---

[2]The codefendant argued that the timing of the searches corresponded with hearing that he and appellant were publicly named as suspects in the murder and therefore was not indicative of either party's guilt.

uncharged act" and to "introduce an account of events and conduct observed by a witness"), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017); *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) (limiting the admission of evidence under NRS 48.035(3) to the statute's express provisions). Moreover, any error in admitting the evidence would be harmless because other evidence linked appellant to the crime. *See Valdez v. State*, 124 Nev. 1172, 1188-90, 196 P.3d 465, 476-77 (2008) (discussing non-constitutional harmless error review). In particular, the jury heard testimony that appellant stated she wanted to kill the victim and then went outside to where the victim was standing, gunshots were heard shortly thereafter followed by appellant and her codefendant quickly leaving the apartment, and appellant later told certain witnesses that the witnesses did not see anything and not to talk to police.

Having considered appellant's arguments and concluded they do not warrant relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District Court
       Department 21, Eighth Judicial District Court
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk